BRUCE E. DEVILLE                          CIVIL ACTION

VERSUS                                    NO: 08-4104

COMAR MARINE CORPORATION ET AL            SECTION: J(2)

**ORDER**

Before the Court are the Defendants' **Motion to Exclude Report and Prospective Testimony of Captain Timothy Torrence (Rec. Doc. 25),** seeking an order excluding expert testimony under Rule 702 of the Federal Rules of Evidence and the Supreme Court's decision in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1998); and **Motion to Strike Supplemental Expert Report of Captain Timothy Torrence (Rec. Doc. 28).** The Court has reviewed the record, the memoranda of counsel, and the applicable law, and finds that the motions should be denied.

The purpose of <u>Daubert</u> is "to ensure that only reliable and relevant expert testimony is presented to the jury." <u>Rushing v. Kansas City Southern Ry. Co.</u>, 185 F.3d 496, 506 (5th Cir. 1999) (superseded by rule on other grounds), citing <u>Daubert</u>, 509 U.S. at 590-93. Thus, "[m]ost of the safeguards provided for in <u>Daubert</u> are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." <u>Gibbs v. Gibbs</u>, 210 F.3d 491, 500 (5th Cir. 2000). "<u>Daubert</u> requires a binary choice -admit or exclude- and a judge in a

bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves." <u>SmithKline Beecham Corp. v. Apotex Corp.</u>, 247 F. Supp. 2d 1011, 1042 (N.D. Ill. 2003).

Given that this case is a bench trial, and thus that the objectives of <u>Daubert</u>, upon which Defendants' motion to exclude is premised, are no longer implicated, the Court finds that the motion to exclude expert testimony should be denied at this time. Furthermore, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." <u>Daubert</u>, 509 U.S. at 596.

Likewise, the Court finds that Defendants' motion to strike the supplemental report for failure to comply with the Court's Scheduling Order and Rule 26 should also be denied. Accordingly,

**IT IS ORDERED** that Defendants' **Motion to Exclude Report and Prospective Testimony of Captain Timothy Torrence (Rec. Doc. 25)** and **Motion to Strike Supplemental Expert Report of Captain Timothy Torrence (Rec. Doc. 28)** are hereby **DENIED**.

New Orleans, Louisiana this 25th day of June, 2009.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE